**CSD 1001A** [11/15/04]
Name, Address, Telephone No. & I.D. No.

J. Edward Switzer, Jr. #73922
Switzer Law Office
440 Escondido Avenue, Suite 102
Vista, California 92084-6144
(760) 758-2960
(760) 758-5530 (fax)

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

Order Entered on August 06, 2009 by Clerk U.S. Bankruptcy Court Southern District of California

In Re
**LARRY W. RINGSTAFF & MICHELE A. RINGSTAFF,**

Debtor.

BANKRUPTCY NO. **09-02684-LT13**

Date of Hearing: 08/04/2009
Time of Hearing: 10:00 am
Name of Judge: Hon. Louise Adler

## ORDER ON

### TRUSTEE'S OBJECTIONS TO DEBTORS' CLAIMS OF EXEMPTION

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __2__ with exhibits, if any, for a total of __2__ pages, is sustained in part and overruled in part.

Motion/Application Docket Entry No. __25/26__

//
//
//
//
//
//

DATED: August 05, 2009

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

SWITZER LAW OFFICE

(Firm name)

By: __/s/ J. Edward Switzer, Jr.__
  Attorney for ☐ Movant ☒ Respondent

**CSD 1001A**

Case 09-02684-LT13　　Filed 08/05/09　　Doc 48　　Pg. 2 of 2

```
CSD 1001A [11/15/04](Page 2)
```
ORDER ON **TRUSTEE'S OBJECTIONS TO DEBTORS' CLAIMS OF EXEMPTION**
DEBTOR: **LARRY W. RINGSTAFF & MICHELE A. RINGSTAFF**　　　　　　　　　　　CASE NO: **09-02684-LT13**

The Objection of David L. Skelton, Esq., Chapter 13 herein, OBJECTING TO DEBTORS' EXEMPTIONS came on for hearing on August 4, 2009. Debtors appeared though their attorney, J. Edward Switzer, Jr., Esq., and the Chapter 13 Trustee, David L. Skelton, Esq., appeared though his attorney Rebecca Pennington, Esq.

**NOW, THEREFORE**, after consideration of the evidence presented, the pleadings of the parties, and the arguments of counsel, and good cause appearing, it is

**ORDERED** that the Trustee's objections to Debtors' claims of exemption are SUSTAINED IN PART; OVERRULED IN PART:

**AS TO THE OBJECTION THAT DEBTORS' EXEMPTION OF THE 401K IS INAPPROPRIATE BECAUSE IT IS NOT PART OF THE DEBTORS' BANKRUPTCY ESTATE, THE OBJECTION IS SUSTAINED**:

It is well settled that 401K's are NOT part of the debtor's estate. Debtors retain their interests in 401K's despite a bankruptcy filing. Since exemptions are available only for property of the estate and the 401K is not estate property, an exemption claim is not available.

**AS TO THE OBJECTION TO DEBTORS' USE OF BOTH CCP 703.140 AND 11 USC SEC. 522(B), THE OBJECTION IS OVERRULED**.

CCP 703.130 states only that exemptions in Sec. 522(d) are not authorized in California. Regardless of whether debtor chooses CCP 703 or 704, they are still entitled to exempt property under Sec. 522 (b)(3)(C). Under this code section, the retirement fund must be exempt from taxation under the IRC. This IRA is exempt from taxation under 26 USC 401. The objection to the IRA exemption is overruled.

　　　As the trustee has not explained his objection that the debtors have provided "no information...to justify a $230,044 IRA exemption", the Court does not rule on this as the Court does not understand it.

```
CSD 1001A
```

*Signed by Judge Louise DeCarl Adler August 05,2009*